*1216 OPINION.
Lansdon :
The petitioner contends that the partnership of which he is a member purchased certain intangible assets other than good will for $45,000; that at the end of ten years, when the members of *1217 the vendor partnership may again become competitors, the assets purchased will be exhausted. It is contended that good will may not be separated from a going concern and that here only the assets were sold, the insurance business of the vendors ceasing.
Section 214 of the Revenue Act of 1921 provides, in part, as follows:
(a) Tliat in computing net income there shall be allowed as deductions:
[[Image here]]
(S) A reasonable allowance for the exhaustion, wear and tear of property used in Hie trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.
We are not impressed with petitioner’s contention that the partnership of R. B. Jones & Sons purchased intangible assets other than good will. The contract of purchase provides that none of the selling parties may solicit renewals except for the benefit of the second parties and that they will refrain from engaging in a like insurance business for a period of ten years. Such contract provided for the sale of a profitable insurance business, the principal asset of which was good will. The courts and this Board have held that good will is not such a wasting asset as may be the proper subject of deductions for depreciation or obsolescence. Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626; Lansberger v. McLaughlin, 26 Fed. (2d) 77; Manhattan Brewing Co., 6 B. T. A. 952; Secor Hotel Co., 7 B. T. A. 158; Bills Bros. Memorial Corporation, 7 B. T. A. 1182; Market Supply Co., 3 B. T. A. 841; Boonville National Bank, 2 B. T. A. 352. A case holding to the contrary is Haberle Crystal Springs Brewing Co. v. Clarke, 30 Fed. (2d) 219, certiorari granted, 279 U. S. 832. The facts of the instant proceeding are distinguishable from those of the Gnjstal Sprrngs case. There good will was limited in duration to a definite period after which it had no value. The court found that the plaintiff’s good will would terminate in 715 days and held that the value of such good will should be exhausted over that period. In the instant case the intangible assets acquired by R. B. Jones & Sons had no definite life. Perhaps petitioner’s firm will be unable to hold any of the customers of Bales, Hogsett & Gray, in which case the intangibles acquired will have little or no value, or perhaps they may be able to hold the customers indefinitely. The good will acquired is not limited in duration to a definite period. The petitioner is not entitled to the deductions claimed.
Decision will be entered for the respondent.